2001 OK JUD ETH 5.

## JUDICIAL ETHICS OPINION 2001–5.

Oklahoma Judicial Ethics Advisory Panel.

March 30, 2001.

¶ 0 QUESTION 1: If an attorney appearing before a judge was a worker or donor for the judge in a recent judicial campaign, what is the judge's ethical requirement as to recusal and disclosure?

¶ 1 SPECIFIC FACTS: The attorney appearing before the judge assisted the judge in a judicial campaign within a year prior to the appearance in Court; the work performed was relatively modest (put up yard signs) and made a modest donation of approximately $50.

¶ 2 WE ANSWER: As to recusal: NO.

¶ 3 As to disclosure: YES.

¶ 4 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"**

¶ 5 Canon 3E(1): "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. . . ."

¶ 6 Our answer is based on the specific facts set out above. A judge should try to avoid recusal consistent with the judge's obligation to the Court system. On the other hand, the judge may have had moderate campaign assistance from many attorneys that regularly appear before the judge. The minimal assistance suggested in the specific facts would not cause a knowledgeable observer to suspect bias or undue influence. But certainly for a period of time, the judge should make disclosure to adverse counsel.

¶ 7 An additional question was if the information concerning the donation is readily available on the Internet or directly from the Ethics Commission. The question arises as to whether a judge is still required to disclose the donation. We answer yes because we believe disclosure is still appropriate and an attorney should not be forced to seek out such information.

¶ 8 An additional question submitted with the original question is whether it makes a difference if the donation is $5 or $5,000. We believe a $5 donation would not require any disclosure at any time; we believe that a $5,000 donation would require disclosure for a long period of time. As to a large donation (such as $5000), we suggest the judge should recuse without a request from counsel for a least a year after the campaign; the judge should also make disclosure of reasonable sums donated to him for a least the remainder of the judge's term in office.

¶ 9 The general rule we suggest is that the judge should disclose on the record, any information which the judge believes the parties or their attorneys might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification.

¶ 10 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig, Secretary