¶3 3. We Answer As to Disclosure: YES
¶4 4. Discussion: As was thoroughly discussed in Judicial Ethics Opinion 2001-5, 2001 OK JUD ETH 5, 73 P.3d 270, "disclosure is still appropriate and an attorney should not be forced to seek out such information [about individual campaign contribution]."
¶5 5. We Answer As to Recusal: NO
¶6 6. Discussion: Canon 1 "A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."
¶7 7. Rule 2.11(A)(4) provides "Contributions within the limits allowed by the Oklahoma Ethics Commission will not normally require disqualification unless other factors are present."
¶8 118. Canon 2 "A Judge Shall Perform the Duties of Judicial Office Impartially, Competently, and Diligently. Effective administration of justice requires that a judge hear all cases assigned to them unless recusal is required for some reason. We find that the circumstances here do not require recusal.
/s/The Honorable April Sellers White, Retired Judicial Ethics Advisory Panel member
The Honorable April Sellers White, Retired Judicial Ethics Advisory Panel member
/s/The Honorable Edward Cunningham, Retired Judicial Ethics Advisory Panel Chair
The Honorable Edward Cunningham, Retired Judicial Ethics Advisory Panel Chair
/s/The Honorable William Heatherington, Retired Judicial Ethics Advisory Panel member
The Honorable William Heatherington, Retired Judicial Ethics Advisory Panel member
/s/The Honorable Allen McCall, Retired Judicial Ethics Advisory Panel member
The Honorable Allen McCall, Retired Judicial Ethics Advisory Panel member
/s/The Honorable Thomas Landrith, Retired Judicial Ethics Advisory Panel member
The Honorable Thomas Landrith, Retired Judicial Ethics Advisory Panel member